**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **JOSHUA RAHYMES and** | ) | |
| **JABRITTANY RAHYMES,** | ) | |
| | ) | **Civil Action No.:  CV 17-397** |
| **Plaintiffs,** | ) | |
| **v.** | ) | **Formerly 02-CV-2017-901935.00 in** |
| | ) | **the Circuit Court of Mobile County,** |
| **ANDREWS TRANSPORT OF TEXAS, LP** | ) | **Alabama** |
| **and ANDREWS TRANSPORT, LP, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332 and 1446(a), Defendants designated in Plaintiffs Joshua Rahymes' and Jabrittany Rahymes' (collectively "Plaintiffs") Complaint as Andrews Transport of Texas, LP and Andrews Transport, LP (collectively "Defendants") give notice of the removal of the proceeding styled *Joshua Rahymes and Jabrittany Rahymes v. Andrews Transport of Texas, LP and Andrews Transport, LP, et al.*, designated as civil action no. 02-CV-2017-901935.00 and pending in the Circuit Court of Mobile County, Alabama to the United States District Court for the Southern District of Alabama, Southern Division.[1]  In support hereof, Defendants respectfully show unto the Court as follows:

1.     **The Complaint.**  On or about July 26, 2017, Plaintiffs filed a Complaint for damages against Defendants in the Circuit Court of Mobile County, Alabama.  *See* Complaint, a copy of which is attached hereto as Exhibit A.  This action arises from a motor vehicle accident on Interstate 10 in Mobile County, Alabama.  Plaintiff Joshua Rahymes alleges that on July 31,

---

[1] Defendants specifically reserve and do not waive any and all applicable defenses, including those pursuant to Federal Rule of Civil Procedure 12(b).

2015, he was traveling on I-10 when he struck tire material lying in the road, which he contends originated from Defendants' tractor-trailer.  Complaint, ¶ 13.

2.      A true and accurate copy of all process, pleadings, and orders served upon the Defendants in the state court action is attached hereto as Exhibit B.  The attached pleadings are, upon information and belief, the only process, pleadings, and orders in the state court action to date.

3.      **Diversity Jurisdiction.**  Plaintiff Joshua Rahymes is a resident citizen of the State of Alabama.  *See* Complaint, ¶ 1.

4.      Plaintiff Jabrittany Rahymes is a resident citizen of the State of Alabama.  *See* Complaint, ¶ 2.

5.      Defendant Andrews Transport of Texas, LP has never existed, and therefore it may be disregarded for purposes of determining diversity of citizenship between the parties. Documents contained in the state court file from Service of Process Agents, Inc., which provides the Federal Motor Carrier Safety Administration's process agent for Defendant Andrews Transport, LP, state that "SPA is unaware of any entity known as Andrews Transport of Texas, L.P. and neither the AL process agent nor SPA represent Andrews Transport of Texas, L.P."  *See* Exhibit C, Service of Process Agents, Inc.'s August 7, 2017 correspondence, attached hereto.

6.      When it was an extant entity, Defendant Andrews Transport, LP was organized under the laws of the State of Texas with its principal place of business in the State of Texas. Andrews Transport, LP ceased to exist in September 2013 when non-party Andrews Logistics, Inc. acquired it.[2]

---

[2] The over-the-road hauler allegedly involved in the July 31, 2015 accident was associated with non-party Andrews Logistics, Inc. and not Andrews Transport, LP.

7.      Should it become relevant to the removal of this action, non-party Andrews Logistics, Inc. is incorporated in the State of Texas with its principal place of business in the State of Texas.  *See* 28 U.S.C. § 1332(c) (corporation is "deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. . . .").

8.      Thus, in accordance with federal law, all named defendants join in this Notice of Removal, and diversity jurisdiction exists.   Accordingly, this Court has jurisdiction of this proceeding pursuant to 28 U.S.C. § 1332.

9.      **Timeliness of Notice of Removal.**  The state court's case action summary sheet reflects that Defendants were ostensibly served with process on or about July 31, 2017.  There is documentation in the state court file from the process agent Service of Process Agents, Inc. evidencing the fact that service on Defendants has not been effected.  Without conceding that Plaintiffs obtained proper service of process on any entity, in accordance with Title 28, United States Code, § 1446(b), this notice is being filed within thirty (30) days after the date when the state court's case action summary shows that Defendants were served with a copy of Plaintiffs' Complaint from which it may be ascertained that the action is one which is removable.

## I. BASIS FOR REMOVAL – DIVERSITY OF CITIZENSHIP

10.     **Removal is Proper Because Diversity Jurisdiction Exists.**  There is complete diversity of citizenship between Plaintiffs and Defendants.  *See* 28 U.S.C. § 1332.  As detailed in this Notice, this action involves a dispute between Plaintiffs, who are resident citizens of Alabama, and Defendant Andrews Transport, LP, a now defunct Texas limited partnership.  No properly joined defendant resides in or is a citizen of the State of Alabama.  *See* 28 U.S.C. §§ 1332, 1441 (a), (b).

11.     **Plaintiffs.**  At the time they filed their Complaint, Plaintiffs were resident citizens of the State of Alabama.  *See* Complaint, ¶¶ 1-2.

12.     **Defendants.**   When it was extant, Defendant Andrews Transport, LP was a limited partnership organized under the laws of the State of Texas with its principal place of business located in the State of Texas.  As stated above, Andrews Transport, LP ceased to exist in September 2013.

13.     Should it become relevant to the removal of this action, non-party Andrews Logistics, Inc. is and has been, since the filing of Plaintiffs' Complaint, incorporated in the State of Texas with its principal place of business in the State of Texas.

14.     Therefore, pursuant to 28 U.S.C. § 1332(c)(1), Defendants are not, and were not at the time of filing the Complaint, a citizen or resident of the State of Alabama within the meaning of federal statutes relating to the removal of actions.

15.     **Amount in Controversy.**   In their Complaint, Plaintiffs assert two claims—for negligence and loss of consortium.  *See* Exhibit A.  Further, Plaintiffs identify their alleged damages as follows:

a.      Plaintiff Joshua Rahymes was permanently disabled;

b.      Plaintiff Joshua Rahymes was caused mental anguish, suffering, and pain and will be caused same in the future;

c.      Plaintiff Joshua Rahymes will be caused to lose future income and job opportunities because of his disability; and

d.      Plaintiff Jabrittany Rahymes lost the companionship and services of her husband, Plaintiff Joshua Rahymes.

*See* Exhibit A, Complaint, ¶ 23.(a)-(d).

16.     While the Complaint's *ad damnum* clause does not make a specific monetary demand against Defendants, the amount in controversy in this action demonstrably exceeds $75,000.00, exclusive of interest and costs, as set forth below.

17.     The Complaint's allegations, legal claims, and claims for damages alone establish that by a preponderance of the evidence, the amount in controversy more likely than not exceeds $75,000 exclusive of interest and costs.  For example, Mr. Rahymes alleges that when he struck the tire material, he felt "excruciating" back and leg pain and was subsequently diagnosed with a back injury.  *See* Exhibit A, ¶ 14.  He contends he continues to suffer from nerve pain in his back and legs, limiting his quality of life and ability to lift, sit for long periods of time, and work.  *See id.* ¶ 15.  He states he has incurred medical expenses and suffered mental anguish, loss of income, and loss of future job opportunities.  *See id.*

18.     That the Complaint alone amply establishes that the jurisdictional amount is satisfied becomes even more unassailable when one considers the settlement demand package, including an eight-page letter, which Plaintiffs' counsel provided to Defendants' insurer on January 6, 2017—a year and a half after the subject accident.  A copy of the demand package is attached hereto as Exhibit D.

19.     In the letter, Plaintiffs issue a settlement demand to Defendants of "$500,000.00 or the aggregate sum of all available liability, medical payments and uninsured/underinsured motorist policy limits, whichever is less."  *See* Exhibit D, p. 8.

20.     The amount of insurance coverage applicable to the subject accident exceeds $500,000.00.  *See* Item Two, Schedule of Coverages and Covered Autos, a copy of which is attached hereto as Exhibit E.

21.     Therefore, for purposes of construing Plaintiffs' "lesser of X and Y" settlement demand, $500,000.00 becomes the operative amount.   Plaintiffs' settlement demand to Defendants is thus $500,000.00.

22.     In the letter, Plaintiffs identify the following alleged "GENERAL DAMAGES" as components comprising their half-million dollar demand:

Pain and Suffering

- Past                              $100,000.00
- Future                           $100,000.00

Mental Anguish

- Past                              $75,000.00
- Future                           $75,000.00

Loss of Enjoyment of Life

- Past                              $45,000.00
- Future                           $45,000.00

Permanent Injury            $60,000.00

**TOTAL DAMAGES:**      **$500,000.00**

*See* Exhibit D, p. 8.

23.     The settlement demand is actually likely to exceed $500,000.00, as Plaintiffs state they will supplement the demand package with the amounts of Plaintiffs' "SPECIAL DAMAGES," including "Medical Billing" and "Lost wages."   *See* Exhibit D, p. 7.   The $500,000.00 demand does not even include those amounts.

24.     In support of their demand, Plaintiffs offer the following regarding their alleged injuries and damages:

Joshua suffered a herniated disc and a torn disc from this incident. The records and billing have not yet been received, but will be forwarded upon receipt.

Joshua underwent surgery in November of 2016. Unfortunately, during the surgery, too much air and liquid got into his lungs causing him to lose oxygen and cough up blood.

After being released from the hospital, Joshua experienced problems breathing. He went to the hospital and found out he had pneumonia due to the liquid in his lungs. He had to stay overnight in the hospital.

Joshua continues to receive treatment for his injuries. He may require disc removal in the future.

At the time of the incident, Joshua was on active duty with the military. He also had a part-time job to help with his bills. Unfortunately, he lost wages from both jobs. In fact, at this time, he is speaking with any army physician's assistant about getting out of the military because he is no longer able to perform his job due to his back injury.

*See* Exhibit D, p. 7.

25.     The standard set forth in *Sims v. Rocco Valluzzo d/b/a R.B.T.A. Indus., Inc.*, 2016 WL 3211430 (S.D. Ala. June 9, 2016), applies to the determination of the amount in controversy in this case. Accordingly, Defendants bear the burden of showing "by a preponderance of the evidence that the requisite amount-in-controversy threshold is satisfied." *Sims*, 2016 WL at *2 (citing *Dudley v. Eli Lilly and Co.*, 778 F.3d 909, 913 (11th Cir. 2014) and *Sammie Bonner Const. Co. v. Western Star Trucks Sales, Inc.*, 330 F.3d 1308, 1310 (11th Cir. 2003)).

26.     It is well settled that Defendants are "not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Sims*, 2016 WL at *2 (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010)). Rather, Defendants may meet their burden by showing either that it is "facially apparent from the pleading itself that the amount in controversy exceeds the jurisdictional minimum," or that there

is "additional evidence demonstrating that removal is proper." *Sims*, 2016 WL at *2 (quoting *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010)).

27.     In evaluating a removing defendant's jurisdictional showing, courts do not "suspend reality or shelve common sense," but instead "may use their judicial experience and common sense in determining whether the case stated in a Complaint meets federal jurisdictional requirements." *Sims*, 2016 WL at *2 (quoting *Roe*, 613 F.3d at 1062).

28.     The effect and significance of the "additional evidence" of Plaintiffs' demand letter are governed by well-settled legal principles. *See Sims*, 2016 WL at *3. Without question, demand letters are relevant and may be considered in assessing whether the jurisdictional amount in controversy is satisfied. *Sims*, 2016 WL at *3 (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994) ("While [a] settlement offer, by itself, may not be determinative, it counts for something.")).

29.     It is equally true, however, that the utility of such demands in the jurisdictional analysis varies widely depending on the circumstances. *Sims*, 2016 WL at *3 (quoting *Nationwide Property and Casualty Ins. Co. v. Dubose*, ___ F. Supp.3d ____, 2016 WL 1448855, *3 (S.D. Ala. Apr. 12, 2016); *Montgomery v. Food Giant Supermarkets, Inc.*, 2014 WL 5307890, *2 (S.D. Ala. Oct. 16, 2014) (to determine jurisdictional weight afforded a demand letter, "courts draw distinctions between settlement offers steeped in puffery and posturing at a high level of abstraction, on the one hand, and those yielding particularized information and a reasonable assessment of value, on the other")).

30.     In *Jackson v. Select Portfolio Servicing, Inc.*, 651 F. Supp. 2d 1279 (S.D. Ala. 2009), this Court explained that a settlement offer consisting of "puffing and posturing . . . is entitled to little weight in measuring the preponderance of the evidence." *Id.* at 1281. By

contrast, a settlement offer furnishing "specific information" to support the demand suggests that the plaintiff is "offering a reasonable assessment" of the value of her claim, in which case the demand would be "entitled to more weight." *Id.*

31.     In *Sims*, the Court determined the defendant R.B.T.A. had satisfied its burden of showing by a preponderance of the evidence that the amount in controversy exceeds the sum of $75,000.  The Court in *Sims* reasoned that the following circumstances, *inter alia*, bear on its amount-in-controversy analysis:

(i) Sims had incurred out-of-pocket losses of $28,509.22;

(ii) well into the lifespan of this case, long after the incident giving rise to the litigation took place, and after receiving substantial medical treatment, Sims sent a fairly detailed, specific demand letter to R.B.T.A. demanding $295,000 to settle her claims;

(iii) as of February 2016—two months prior to R.B.T.A.'s removal of the action—Sims continued to complain of constant pain and limited motion in her shoulders, and indicated that she would have sought out further medical treatment if she had health insurance; and

(iv) the Complaint sought compensatory damages for such factors as pain and suffering, emotional distress and mental anguish.

*Sims*, 2016 WL at *4.

32.     Taking all those facts and circumstances together, the Court in *Sims* was satisfied that R.B.T.A. had met its burden of showing by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount.  *Sims*, 2016 WL at *4.

33.     Here, Plaintiffs' eight-page demand letter yields particularized information and a reasonable assessment of value and consequently tilts heavily to the "specific information" end of the spectrum of scenarios hypothesized in *Jackson*, *supra*.

34.     For example, the Complaint alleges that Plaintiff Joshua Rahymes was *permanently disabled* by the subject accident; that he *continues to suffer from nerve pain* in his

back and legs, *limiting his quality of life and ability to lift, sit for long periods of time, and work*; that he has experienced *mental anguish and pain and suffering* and *will experience those things in the future*; and that he *has lost and will lose future income and job opportunities* because of his alleged disability.  *See* Exhibit A, ¶¶ 14-15, 23.(a)-(c).  Plaintiff Jabrittany Rahymes alleges she lost the *companionship and services* of her husband.  *See* Exhibit A, ¶ 23.(d).

35.     The demand letter provides even further specific allegations in support of Plaintiffs' claims for damages, including that Mr. Rahymes experienced both a *herniated disc and a torn disc* in the accident; that he underwent *surgery* to repair his spinal injuries and that both during and after surgery, he experienced *severe complications*; that he *continues to receive treatment* for his injuries and *may require disc removal in the future*; that he *lost wages from two different jobs*; and that he *may have to leave the military* because he is allegedly unable to perform his duties.  *See* Exhibit D, p. 7.

36.     Further, long after the incident giving rise to the litigation took place, and after receiving substantial medical treatment, Plaintiffs, through counsel, sent a detailed, specific demand letter to Defendants demanding $500,000.00 to settle their claims.

37.     Moreover, while Plaintiffs have not yet identified or supplemented their "special damages," including medical bills and lost wages, one can reasonably infer that those components of Mr. Rahymes' alleged damages are presently significant and, in themselves, exceed the jurisdictional amount.

38.     In light of all the facts and circumstances set forth in Plaintiffs' demand letter, as well as the allegations, legal claims, and claims for damages set forth in the Complaint, Defendants have satisfied their burden of showing by a preponderance of the evidence that the amount in controversy exceeds the sum of $75,000.  That showing, coupled with the undisputed

fact that Plaintiffs are of diverse citizenship from Defendants, gives rise to diversity jurisdiction pursuant to 28 U.S.C. § 1332. Thus, federal jurisdiction properly lies here, and this notice of removal is supported by subject matter jurisdiction.

## II.    THE NOTICE OF REMOVAL IS PROCEDURALLY CORRECT

39.    **Venue is Proper.** In accordance with 28 U.S.C. § 1391(a), venue is proper in the United States District Court for the Southern District of Alabama, Southern Division, because, according to the Complaint, the event giving rise to Plaintiffs' claims occurred in Mobile County, Alabama.

40.    Thus, pursuant to 28 U.S.C. § 1441(a), (b), and (c), this case may be removed to the United States District Court for the Southern District of Alabama, Southern Division.

41.    Promptly after the filing of this Notice of Removal, Defendants shall provide notice of the removal to Plaintiffs through their attorney of record and to the Clerk of the state court, as required by 28 U.S.C. § 1446(d).

## III.    CONCLUSION AND REQUESTED RELIEF

WHEREFORE, PREMISES CONSIDERED, Defendants designated in Plaintiffs' Complaint as Andrews Transport of Texas, LP and Andrews Transport, LP hereby remove the above-described action pending in the Circuit Court of Mobile County, Alabama to the United States District Court for the Southern District of Alabama, Southern Division.

Respectfully submitted on this the 30th day of August, 2017.


/s/ L. Jackson Young, Jr.
J. Mitchell Frost, Jr. (ASB-1252-O40J)
L. Jackson Young, Jr. (ASB-7946-G65L)
*Attorney for Defendants*

B JHW 740046 v1
2780973-000287 2/28/2007

**OF COUNSEL:**
FERGUSON FROST MOORE & YOUNG, LLP
1400 Urban Center Drive, Suite 200
Birmingham, Alabama 35242
(205) 879-8722 - telephone
(205) 879-8831 – telecopier
JMF@ffmylaw.com
LJY@ffmylaw.com

## CERTIFICATE OF SERVICE

This is to certify that on this the 30th day of August, 2017, a copy of the forgoing document has been served upon counsel for all parties to this proceeding by the following method:

_____ mailing the same by first-class United States mail, properly addressed and postage pre-paid

_____ hand delivery

\_\_\_\_\_X_____ electronically via CM/ECF

John D. Richardson, Esq.
David T. Trice, Esq.
Richardson Law Firm, LLC
118 North Royal Street, Suite 100
Mobile, Alabama 36602
john@richardsonlawllc.com
david@richardsonlawllc.com

/s/ L. Jackson Young, Jr.\_\_\_\_\_
Of Counsel

{W0531746.1 } 12

B JHW 740046 v1
2780973-000287 2/28/2007